UN-SEALED PER 11/28/06

UN Sealed
Public and unofficial staff access to this instrument are prohibited by court order.

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

NOV 22 2006

MICHAEL N. MILBY, CLERK OF COURT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | CRIMINAL NO. |
| VS | § § | H 06 -421 |
| KOBIE DIALLO WILLIAMS aka ABDUL KABEER aka ABDUL KABIR | § § § | FILED UNDER SEAL |
| ADNAN BABAR MIRZA | § § § | |

### INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT ONE

#### A. INTRODUCTION

1. At all times material to this Indictment, Kobie Diallo Williams aka Abdul Kabeer aka Abdul Kabir was a citizen of the United States.

2. At all times material to this Indictment, Adnan Babar Mirza was a citizen of Pakistan. Adnan Babar Mirza was issued an F-1 Student Visa permitting him to enter the United States for educational purposes on August 15, 2001. Adnan Babar Mirza's student visa expired on December 12, 2005.

#### B. OBJECTS OF THE CONSPIRACY

On or about April 2005, and continuing to on or about the date of this Indictment, in the Houston Division of the Southern District of Texas and elsewhere,

KOBIE DIALLO WILLIAMS
aka ABDUL KABEER
aka ABDUL KABIR and
ADNAN BABAR MIRZA,

defendants herein, did unlawfully and knowingly combine, conspire, confederate and agree with others known and unknown to:

(a) Knowingly and unlawfully possess firearms that had been shipped or transported in, or affected interstate or foreign commerce, namely: an Armalite, Inc., model M15A4, .223 caliber semi automatic rifle; a Savage Arms, Inc., model 10, .308 caliber bolt action rifle; and a Winchester shotgun, at a time when the defendant, Adnan Babar Mirza, had been admitted to the United States under a nonimmigrant visa (as that term is defined in section 101(a)(26) of the Immigration and Nationality Act pursuant to Title 8, United States Code, Section 1101(a)(26)), in violation of Title 18, United States Code, Sections 922(g)(5)(B) and 924(a)(2);

(b) Knowingly and unlawfully possess in and affecting interstate or foreign commerce firearms and ammunition, namely: one thousand rounds of .223 caliber ammunition; an Armalite, Inc., model M15A4, .223 caliber semi automatic rifle; a Winchester shotgun; and a Remington Arms Co., model 870, 12 gauge pump action shotgun, while the defendant Adnan Babar Mirza, was an alien illegally or unlawfully in the United States (post December 12, 2005), in violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2); and

(c) Willfully and unlawfully violate Presidential Orders and Executive Regulations issued under Chapter 35 of Title 50, United States Code, in that the defendants did willfully and unlawfully make a contribution of goods and services, to wit: United States currency, to and for the benefit of a specially

designated global terrorist organization, to wit: the Taliban, in violation of Title 50, United States Code, Section 1705(b); Title 31, Code of Federal Regulations, Sections 545.204 and 545.205; Executive Order No. 13224, 66 Fed. Reg. 49079 (2001); 65 Fed. Reg. 41549 (2000); Executive Order 13129, 64 Fed. Reg. 36759 (1999).

### C. MANNER AND MEANS OF THE CONSPIRACY

During the period of the conspiracy:

1. The defendants, Kobie Diallo Williams (Williams) and Adnan Babar Mirza (Mirza), would and did agree that they should travel to the Middle East to fight with the Taliban to engage in battlefield jihad; Williams and Mirza viewed the United States and Coalition military forces on the ground in Afghanistan and Iraq as invaders;

2. Williams and Mirza would and did agree: (1) to offer financial support to Taliban fighters (hereafter "the fighters") and their families; and (2) to train with firearms to hone their skills for battlefield jihad.

3. Williams and Mirza would and did meet at various shooting ranges and camp sites in the Southern District of Texas for the purpose of conducting firearms and paramilitary training to hone their skills with weapons to assist fighters engaging United States forces in Afghanistan, Pakistan and Iraq; and

4. Williams would and did encourage and assist Mirza's firearms training knowing that Mirza was in the United States pursuant to an F-1 student visa issued by the United States Government.

## D. OVERT ACTS

The following overt acts, among others, were committed in furtherance of the conspiracy and to accomplish its goals and objects:

1. On or about May 20, 2005, through May 22, 2005, Williams and Mirza trained with firearms on property located in Walker County, Texas.

2. On or about June 28, 2005, Williams provided $200 in financial support intended for the fighters and their families.

3. On or about May 25, 2006, Williams provided $150, financial support earmarked for the fighters and their families.

4. On or about June 4, 2005, Williams and Mirza trained with firearms at the American Shooting Center in Houston, Texas.

5. On or about July 15, 2005, through July 17, 2005, Williams and Mirza trained with firearms at property located in Montgomery County.

6. On or about January 13, 2006, through January 15, 2006, Williams and Mirza engaged in reconnaissance training with firearms at property located in Montgomery County, Texas.

7. On or about March 10, 2006, through March 11, 2006, Williams and Mirza engaged in reconnaissance training with firearms on property located in Montgomery County, Texas.

8. On or about June 17, 2006, Williams and Mirza trained with firearms at a shooting range located in Harris County, Texas.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

On or about May 20, 2005, through May 22, 2005, in the Houston Division of the Southern District of Texas,

**ADNAN BABAR MIRZA,**

defendant herein, then being an alien admitted to the United States under a nonimmigrant visa (as that term is defined in section 101(a)(26) of the Immigration and Nationality Act pursuant to Title 8, United States Code, Section 1101(a)(26)), knowingly and unlawfully possessed firearms that had been shipped or transported in, or affected interstate or foreign commerce, namely, an Armalite, Inc. model M15A4, .223 caliber semi automatic rifle; a Savage Arms, Inc., model 10, .308 caliber bolt action rifle; and a Winchester shotgun.

In violation of Title 18, United States Code, Sections 922(g)(5)(B) and 924(a)(2).

## COUNT THREE

On or about March 10, 2006, in the Houston Division of the Southern District of Texas,

**ADNAN BABAR MIRZA,**

defendant herein, who, being an alien illegally and unlawfully present in the United States, knowingly and unlawfully possessed in and affecting interstate and foreign commerce, firearms, namely an Armalite, Inc., model M-15A4, .223 caliber semi automatic rifle and a Winchester shotgun.

In violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2).

## COUNT FOUR

On or about May 20, 2006, in the Houston Division of the Southern District of Texas,

**ADNAN BABAR MIRZA,**

defendant herein, who, being an alien illegally and unlawfully present in the United States, knowingly and unlawfully possessed in and affecting interstate and foreign commerce, firearms, namely an Armalite, Inc., model M-15A4, .223 caliber semi automatic rifle; a Savage Arms, Inc., model 10, .308 caliber bolt action rifle; a Remington Arms Co., model 870, 12 gauge pump action shotgun; and a Winchester shotgun.

In violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2).

A TRUE BILL:

**Original Signature On File**

DONALD J. DeGABRIELLE
United States Attorney

By: _____
Shelley J. Hicks, Assistant United States Attorney
Glenn Cook, Assistant United States Attorney
United States Attorney's Office
Southern District of Texas
(713) 567-9000