UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
SEP 1 9 2007
MICHAEL N. MILBY, CLERK OF COURT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CRIMINAL NO. H-06-421 S |
| VS | § | |
| | § | UNDER SEAL |
| ADNAN BABAR MIRZA | § | |

**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order.

## SUPERSEDING INDICTMENT

### COUNT ONE

### A. INTRODUCTION

At all times material to this Information, Adnan Babar Mirza was a citizen of Pakistan. Adnan Babar Mirza was issued an F-1 Student Visa permitting him to enter the United States for educational purposes on August 15, 2001. By approximately August 1, 2005, Adnan Babar Mirza was employed in the Houston, Texas, area without first having obtained consent to work from United State's immigration officials. Adnan Babar Mirza's student visa expired on December 12, 2005.

### B. OBJECTS OF THE CONSPIRACY

On or about April 2005, and continuing to on or about November 28, 2006, in the Houston Division of the Southern District of Texas and elsewhere,

**ADNAN BABAR MIRZA,**

defendant herein, did unlawfully and knowingly combine, conspire, confederate and agree with others known and unknown to the Grand Jury to:

(a)   Knowingly and unlawfully possess firearms that had been shipped or

    transported in, or affected interstate or foreign commerce, namely: an Armalite, Inc., model M15A4, .223 caliber semi automatic rifle; a Savage Arms, Inc., model 10, .308 caliber bolt action rifle; a Colt AR 15, .223 caliber semi-automatic rifle; a Remington shotgun; and a Winchester shotgun, at a time when the defendant, Adnan Babar Mirza, had been admitted to the United States under a nonimmigrant visa (as that term is defined in section 101(a)(26) of the Immigration and Nationality Act pursuant to Title 8, United States Code, Section 1101(a)(26)), in violation of Title 18, United States Code, Sections 922(g)(5)(B) and 924(a)(2); and

(b)   Knowingly and unlawfully possess in and affecting interstate or foreign commerce firearms and ammunition, namely: one thousand rounds ammunition; an Armalite, Inc., model M15A4, .223 caliber semi automatic rifle; a Colt AR 15, .223 caliber semi-automatic rifle; a Savage Arms, Inc., model 10, .308 caliber bolt action rifle; a Winchester shotgun; and a Remington shotgun, while the defendant, Adnan Babar Mirza, was an alien illegally or unlawfully in the United States (subsequent to on or about August 1, 2005), in violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2).

### C. MANNER AND MEANS OF THE CONSPIRACY

During the period of the conspiracy:

1. The defendant, Adnan Babar Mirza (Mirza), would and did agree with others that they should travel to the Middle East to engage in battlefield Jihad; Mirza and others viewed the United States and Coalition military forces on the ground in

Afghanistan and Iraq as invaders;

2. Mirza and others would and did agree to train with firearms to hone their skills for battlefield Jihad.

3. Mirza and others would and did meet at various shooting ranges and camp sites in the Southern District of Texas for the purpose of conducting firearms and paramilitary training to hone their skills with weapons to assist fighters engaging United States forces in Afghanistan, Pakistan and Iraq; and

4. Mirza and others engaged in firearms training knowing that Mirza and others who engaged in the firearms training were in the United States pursuant to F-1 student visas issued by the United States Government.

## D. OVERT ACTS

The following overt acts, among others, were committed in furtherance of the conspiracy and to accomplish its goals and objects:

1. During the weekend of May 20, 2005, Mirza and others trained with firearms on property located in the Southern District of Texas.

2. On or about June 4, 2005, Mirza and others trained with firearms at a shooting center located in the Southern District of Texas.

3. During the weekend of July 15, 2005, Mirza and others (which included an F-1 student visa holder), trained with firearms at property located in the Southern District of Texas.

4. During the weekend of September 16, 2005, Mirza and others trained with firearms at property located in the Southern District of Texas.

5. On or about December 31, 2005, Mirza purchased ammunition at a gun show

held in the Southern District of Texas. The ammunition was utilized, at least in part, by Mirza and others during the weekend of January 13, 2006, as discussed in overt act six.

6. During the weekend of January 13, 2006, Mirza and others (including an F-1 student visa holder) engaged in training with firearms at property located in the Southern District of Texas.

7. During the weekend of March 10, 2006, Mirza and others (including an F-1 student visa holder) engaged in training with firearms on property located in the Southern District of Texas.

8. On or about May 20, 2006, Mirza and others engaged in training with firearms in the Southern District of Texas.

9. On or about June 17, 2006, Mirza and others trained with firearms at a shooting range located in the Southern District of Texas.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

### A. OBJECTS OF THE CONSPIRACY

In late June of 2005, and continuing through June of 2006, in the Houston Division of the Southern District of Texas and elsewhere,

**ADNAN BABAR MIRZA,**

defendant herein, along with others known and unknown to the Grand Jury, did unlawfully and knowingly combine, conspire, confederate and agree to willfully and unlawfully make a contribution of funds, to wit: United States currency, to and for the

4

benefit of a specially designated global terrorist organization, to wit: the Taliban, in violation of Title 50, United States Code, Section 1705(b); Title 31, Code of Federal Regulations, Sections 594.201, 594.204, 594.205 and ; Executive Order No. 13224, 66 Fed. Reg. 49079 (2001) as amended by Executive Order 13268, 67 Fed.Reg. 44751 (2002) and by Executive Order 13372, 70 Fed. Reg. 8499 (2005).

## B. MANNER AND MEANS

During the period of the conspiracy:

1. The Grand Jury re-alleges and incorporates by reference paragraphs one through three (the Manner and Means section of Count One) of this Superseding Indictment.

2. Mirza and other would and did agree to offer financial support to Taliban fighters and their families.

## C. OVERT ACTS

The following overt acts, among others, were committed in furtherance of the conspiracy and to accomplish its goals and objects:

1. On or about June 28, 2005, a co-conspirator withdrew $200 in United States currency from an ATM machine in Houston, Texas. The co-conspirator subsequently gave the $200, financial support intended for Taliban fighters and their families, to Mirza.

2. On or about December 6, 2005, Mirza collected two money orders totaling $400 in United States currency, funds earmarked for the financial support of those fighting against Americans overseas.

3. On or about December 8, 2005, Mirza deposited the two money orders totaling $400 and $165 in United States currency, believed to be the remainder of the funds gathered from the co-conspirator in June of 2005, into his checking account in Houston, Texas.

4. In December of 2005, Mirza provided the funds previously discussed in paragraph three to a co-conspirator, an individual who agreed to get the funds overseas to the fighters.

5. On or about March 28, 2006, Mirza collected two additional money orders totaling $400 in United States currency, funds earmarked for the financial support of those fighting against Americans overseas.

6. On or about May 25, 2006, a co-conspirator obtained $150 in United States currency, funds earmarked for the financial support of Taliban fighters and their families.

7. On or about May 26, 2006, the co-conspirator discussed in paragraph six gave $150 in United States currency to a co-conspirator, the individual who agreed to get the funds overseas to aid the fighters. At this time, the co-conspirator responsible for getting the funds overseas was given an additional $200 in United States currency.

## COUNT THREE

On or about the weekend of May 20, 2005, in the Houston Division of the Southern District of Texas,

**ADNAN BABAR MIRZA,**

defendant herein, then being an alien admitted to the United States under a nonimmigrant visa (as that term is defined in section 101(a)(26) of the Immigration and Nationality Act pursuant to Title 8, United States Code, Section 1101(a)(26)), knowingly possessed a firearm that had been shipped or transported in, or affected commerce, namely, an Armalite, Inc., model M-15A4, .223 caliber semi automatic rifle; a Savage Arms, Inc., model 10, .308 caliber bolt action rifle; and a Winchester, model 1300, 12-gauge shotgun.

In violation of Title 18, United States Code, Sections 922(g)(5)(B) and 924(a)(2).

## COUNT FOUR

On or about the weekend of May 20, 2005, in the Houston Division of the Southern District of Texas,

**ADNAN BABAR MIRZA,**

defendant herein, who, being an alien illegally and unlawfully present in the United States, knowingly possessed in and affecting commerce, a firearm, namely, an Armalite, Inc., model M-15A4, .223 caliber semi automatic rifle; a Savage Arms, Inc., model 10, .308 caliber bolt action rifle; and a Winchester, model 1300, 12-gauge shotgun.

In violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2).

## COUNT FIVE

On or about the weekend of July 15, 2005, in the Houston Division of the Southern District of Texas,

**ADNAN BABAR MIRZA,**

defendant herein, then being an alien admitted to the United States under a nonimmigrant visa (as that term is defined in section 101(a)(26) of the Immigration and Nationality Act pursuant to Title 8, United States Code, Section 1101(a)(26)), knowingly possessed a firearm that had been shipped or transported in, or affected commerce, namely, an Armalite, Inc., model M-15A4, .223 caliber semi automatic rifle.

In violation of Title 18, United States Code, Sections 922(g)(5)(B) and 924(a)(2).

## COUNT SIX

On or about the weekend of July 15, 2005, in the Houston Division of the Southern District of Texas,

**ADNAN BABAR MIRZA,**

defendant herein, who, being an alien illegally and unlawfully present in the United States, knowingly possessed in and affecting commerce, a firearm, namely, an Armalite, Inc., model M-15A4, .223 caliber semi automatic rifle.

In violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2).

## COUNT SEVEN

On or about the weekend of September 16, 2005, in the Houston Division of the Southern District of Texas,

**ADNAN BABAR MIRZA,**

defendant herein, who, being an alien illegally and unlawfully present in the United States, knowingly possessed in and affecting commerce, a firearm, namely, an Armalite, Inc., model M-15A4, .223 caliber semi automatic rifle.

In violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2).

## COUNT EIGHT

On or about December 31, 2005, in the Houston Division of the Southern District of Texas,

**ADNAN BABAR MIRZA,**

defendant herein, who, being an alien illegally and unlawfully present in the United States, knowingly possessed in and affecting commerce, approximately 1,000 rounds of ammunition.

In violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2).

## COUNT NINE

On or about the weekend of January 13, 2006, in the Houston Division of the Southern District of Texas,

**ADNAN BABAR MIRZA,**

defendant herein, who, being an alien illegally and unlawfully present in the United States, knowingly possessed in and affecting commerce, a firearm, namely, an Armalite, Inc., model M-15A4, .223 caliber semi automatic rifle.

In violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2).

## COUNT TEN

On or about the weekend of March 10, 2006, in the Houston Division of the Southern District of Texas,

**ADNAN BABAR MIRZA,**

defendant herein, who, being an alien illegally and unlawfully present in the United States, knowingly possessed in and affecting commerce, a firearm, namely, an Armalite, Inc., model M-15A4, .223 caliber semi automatic rifle; a 12-gauge shotgun; and a Colt AR 15, .223 caliber semi-automatic rifle;.

In violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2).

## COUNT ELEVEN

On or about May 20, 2006, in the Houston Division of the Southern District of Texas,

**ADNAN BABAR MIRZA,**

defendant herein, who, being an alien illegally and unlawfully present in the United States, knowingly possessed in and affecting commerce, a firearm, namely, a Colt AR 15, .223 caliber semi-automatic rifle; a Savage Arms, Inc., model 10, .308 caliber bolt action rifle; and an Armalite, Inc., model M-15A4, .223 caliber semi automatic rifle.

In violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2).

## COUNT TWELVE

On or about June 17, 2006, in the Houston Division of the Southern District of Texas,

**ADNAN BABAR MIRZA,**

defendant herein, who, being an alien illegally and unlawfully present in the United States, knowingly possessed in and affecting commerce, a firearm, namely, a Colt AR 15, .223 caliber semi-automatic rifle; and an Armalite, Inc., model M-15A4, .223 caliber semi automatic rifle.

In violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2).

## COUNT THIRTEEN

On or about November 8, 2006, in the Houston Division of the Southern District of Texas,

**ADNAN BABAR MIRZA,**

defendant herein, who, being an alien illegally and unlawfully present in the United States, knowingly possessed in and affecting commerce, a firearm, namely, a Winchester, model 1300, 12-gauge shotgun.

In violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2).

**Original Signature on File**

FOREPERSON OF THE GRAND JURY

DONALD J. DeGABRIELLE
United States Attorney

By: _____
GLENN COOK/JAMES McALISTER
Assistant United States Attorneys
(713) 567-9000