*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF TEXAS*
*HOUSTON DIVISION*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| *versus* | § | **CRIMINAL DOCKET H-06-421-02** |
| | § | **JUDGE EWING WERLEIN, JR.** |
| **ADNAN MIRZA** | § | |

**MOTION FOR DISCLOSURE OF SURVEILLANCE OR INTERCEPTION**

*TO THE HONORABLE JUDGE EWING WERLEIN, JR.*:

Adnan Mirza asks the court pursuant to the Fourth, Fifth, and Sixth Amendments to the United States Constitution, Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C. §§ 2510-22 and 3504, *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), *Berger v. New York,* 388 U.S. 41, 87 S.Ct. 1173, 18 L.Ed.2d 1040 (1967), *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), and *United States v. United States District Court*, 407 U.S. 297, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972), for an order compelling the prosecution to disclose and provide under a continuing obligation to defense counsel:

**I. Warrantless Surveillance**

1. The products of aural or digital communication interception and of visual surveillance conducted or recorded by the government. This request includes disclosing and producing:

A. All recordings of Adnan Mirza obtained through interceptions of telephone conversations, radio transmissions, or data transmissions.

B. All photographic and video surveillance products involving or concerning Adnan Mirza.

C. The history of use and products of monitored meetings between Adnan Mirza and visitors (including any member of his defense) while the defendant has been

incarcerated. This includes monitoring conducted by the Bureau of Prisons pursuant to 28 C.F.R. 540, *et seq*, or by any other law enforcement organization, officer, or agent.

D. The history of use and products of any monitoring or surveillance, in violation of the Sixth Amendment right to counsel and 28 C.F.R. 540.102, of Adnan Mirza's defense.

E. Any recordings procured consensually or otherwise by an individual wearing or in any manner employing a concealed listening or recording device during the course of any investigation of Adnan Mirza or any coconspirator.

G. The history of use and results of tracking devices, infrared, chemical, or thermal sensing or imaging equipment, or transmitting listening or viewing devices employed during the investigation of Adnan Mirza.

H. The history of use and results of pen register devices or trap and trace equipment.

**II. Authorizations, Applications, and Warrants**
**(Title III, Foreign Intelligence Surveillance Act, Electronic Communications Privacy Act)**

2. All authorizations, applications and eavesdropping or surveillance warrants which directly or indirectly contributed to the investigation of Adnan Mirza.

3. All authorizations, applications and eavesdropping or surveillance warrants concerning Adnan Mirza and or any premises he has or had an interest in, or telephone and data transmission lines owned, leased, registered to, subscribed to, or utilized by Adnan Mirza.

4. All information known to any member of the prosecutorial or investigative team concerning any lawful or unlawful surveillance or eavesdropping by which Adnan Mirza has been aggrieved.

**III. Ex Parte Proceedings**

5. Copies of all ex parte proceedings between the judge who issued an eavesdropping or

surveillance warrant and the prosecutor, law enforcement officers, or other government representatives concerning the applications and warrants referred to above which were stenographically, electronically, or otherwise recorded.

6. The particulars, including copies of any written memoranda, concerning all ex parte proceedings between the judge who issued an eavesdropping or surveillance warrant and the prosecutor, law enforcement officers, or other government representatives which concerned the applications and warrants referred to above and which were not stenographically, electronically, or otherwise recorded.

**IV. Recordings, Logs, and Transcripts**

7. Recordings of all conversations intercepted pursuant to the eavesdropping or surveillance warrants referred to above.

8. Copies of the logs and transcripts of all conversations intercepted pursuant to the eavesdropping or surveillance warrants referred to above.

**V. Execution of the Warrants**

9. All information concerning entries into premises by government agents including:

A. Whether an entry or attempted entry was made into any premises in an attempt to execute any warrant referred to above; and the corresponding particulars concerning the number of such entries or attempted entries, the premises entered or sought to be entered, the dates and times of all entries or attempted entries, the manner in which the entries or attempted entries were effected, and the name, organization, address, and business telephone number of all individuals involved in any entry or attempted entry.

B. Whether the judge who issued the warrant was consulted before or informed after any

such entry was made or attempted.

C. Copies of all stenographically, electronically, or otherwise recorded conferences or proceedings between the judge who issued any warrant referred to above and the prosecutor or law enforcement officers concerning such entries or attempted entries, and all written memoranda concerning such conferences or proceedings.

D. All affidavits submitted and orders issued concerning any entry or attempted entry.

E. The particulars regarding consultations between the judge who issued any warrant and the prosecutor or law enforcement officers concerning entries into premises which consultations were not stenographically, electronically, or otherwise recorded or which were not commemorated in written affidavits, orders, or memoranda.

10. All information concerning the monitoring practices employed by the government including:

A. Whether the interception or recording equipment was ever left on "automatic" so that conversations could be or were recorded in the absence of monitoring agents located in a listening post. If this procedure was followed, this request includes the particulars concerning the conversations which were so recorded.

B. Whether any conversations were overheard without being recorded; if so, this request includes a demand for information identifying which conversations, the dates and times of such, and whether any effort was made to preserve the contents of such conversations.

C. Whether any equipment utilized to conduct eavesdropping malfunctioned at any time; if so, this request includes a demand for information identifying which equipment, the dates and times of such malfunctions, when and by whom the malfunction was discovered, and when and by whom the malfunction was repaired.

D. The number of original (as opposed to subsequent duplications) recordings made of each conversation.

11. All governmental efforts concerning minimization including:

A. Copies of all written, or stenographically or electronically recorded minimization instructions issued or given to officers involved in the execution of any warrant referred to above.

B. Information concerning whether the judge who issued any warrant was made aware of or approved any minimization instructions; if so, copies of all written or stenographically or electronically recorded conferences or proceedings relating to such approval, and particulars concerning all such conferences or proceedings which were not so recorded or commemorated in written memoranda.

C. Copies of all written or stenographically or electronically recorded progress reports submitted to the Court responsible for a warrant's issuance.

D. The particulars of all progress reports submitted to the Court responsible for a warrant's issuance which were not written or stenographically or electronically recorded.

E. The total number of hours during which the monitoring was maintained, and a daily breakdown of that total.

F. Copies of all written memoranda from a prosecutor to law enforcement officers concerning and during the execution of any warrant referred to above.

G. Copies of all stenographically or electronically recorded conferences between any prosecutor and law enforcement officers who participated in the investigation involving the warrants referred to above, and copies of the instruction issued to law

enforcement officers.

H. Copies of all internal law enforcement or investigative organization memoranda concerning the execution of any warrant referred to above or concerning the results of such execution.

I. Copies, whether written or stenographically or electronically recorded, of all revisions to minimization instructions which were issued after the commencement of eavesdropping, and copies of any judicial authorization of such revisions.

J. The total number of conversations intercepted.

K. The total number of intercepted conversations during which interception was terminated prior to the conclusion of the conversation.

L. The number of fully intercepted conversations which involved only one of the individuals named in the warrant as a person whose conversations were subject to interception.

M. The number of fully intercepted conversations which involved none of the individuals named in the warrant as a person whose conversations were subject to interception.

N. If any judge specifically authorized the interception of persons not named in a warrant as persons whose conversations were subject to interception, copies of all affidavits, memoranda, or orders concerning such authorization.

O. If the court at any time authorized the disclosure of conversations relating to crimes other than those specified in the warrant, copies of all applications and orders relating to such authorization.

P. If the court at any time authorized the interception of conversations relating to crimes

other than those specified in the warrant, copies of all applications and orders relating to such authorizations.

12. All information concerning the recordings of intercepted communications including:

A. The particulars concerning where the tape or other recordation medium was obtained, the manner in which such recording was identified, and the chain of custody (including dates) of such recording from the time when the recording of intercepted communications was made.

B. The particulars concerning the chain of custody (including dates) of each recording from the time it was used to record intercepted communications to the time the recording was sealed.

C. The particulars concerning the date, time, and place each recording was sealed, and by whom.

D. Copies of all memoranda, affidavits, orders, stenographically or electronically recorded proceedings relating to the sealing of recordings.

E. The particulars concerning the chain of custody and sealing of duplicate originals, if any such duplicates were recorded.

F. The particulars concerning the chain of custody of each recording from the time of sealing to the present.

**VI. Notice**

13. All information concerning notice including:

A. If notice was not served within ninety days of the termination of any warrant or an extension thereof, copies of all affidavits or memoranda requesting postponement of notice, and copies of all orders concerning postponement of notice.

B. Copies of all returns filed with any court concerning the eavesdropping warrants.

C. Copies of any orders issued by a court directing that notice be sent or not be sent to individuals aggrieved by intercepted conversations.

**VII. Derivative Evidence**

14. The particulars concerning all evidence directly, indirectly or tangentially derived from communications intercepted pursuant to the warrants referred to above.

The defendant requests the court grant this motion for disclosure of surveillance or interception.

Respectfully submitted,

/s/ David Adler

David Adler
State Bar of Texas 00923150
Federal Identification 17942
6750 West Loop South
Suite 120
Bellaire (Houston), Texas 77401
(713) 666-7576
(713) 665-7070 (Fax)

Attorney for Defendant,
Adnan Mirza

CERTIFICATE OF SERVICE

This motion was served upon the government via e-mail on November 12, 2009.

/s/ David Adler

David Adler

CERTIFICATE OF CONFERENCE

The Assistant United States Attorney is opposed to this motion.

Dated: November 12, 2009

/s/ David Adler

______________________

David Adler

*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF TEXAS*
*HOUSTON DIVISION*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| *versus* | § | **CRIMINAL DOCKET H-06-421-02** |
| | § | **JUDGE EWING WERLEIN, JR.** |
| **ADNAN MIRZA** | § | |

**ORDER**

The defendant's motion for disclosure of surveillance or interception is:

Granted.

Denied.

Signed on __________, 2009.

______________________________
Ewing Werlein, Jr.
United States District Judge