*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF TEXAS*
*HOUSTON DIVISION*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| *versus* | § | **CRIMINAL DOCKET H-06-421-02** |
| | § | **JUDGE EWING WERLEIN, JR.** |
| **ADNAN MIRZA** | § | |

**MOTION FOR DISCLOSURE OF IMPEACHING INFORMATION**

*TO THE HONORABLE JUDGE EWING WERLEIN, JR.*:

Adnan Mirza asks the court, pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure and principles of Brady v. Maryland, 373 U.S. 83 (1963), for an order directing the United States forthwith to make inquiry and disclose all the material within possession, custody or control of the United States, or existence of which is known, or with the exercise of due diligence could become known to the United States:

1. Any and all records revealing prior felony convictions or guilty verdicts or juvenile adjudications attributed to each witness called by the government, including but not limited to, "rap sheets."

2. Any and all records and information revealing prior misconduct or bad acts attributed to the witness (as used throughout "witness" is both singular and plural and refers to trial witnesses, grand jury witnesses or persons furnishing information used at the grand jury or to be used at trial).

3. Any and all consideration or promises of consideration given to or on behalf of the witness or expected or hoped for by the witness. By "consideration" defendant refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness or to a person of concern to the witness, including but not limited to, formal or informal, direct or indirect, leniency, favorable treatment, or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims, administrative or other dispute with the United States or any other authority or with any other parties; criminal, civil or tax immunity grants; relief or forfeiture; payments of money; rewards or fees; witness fees and special witness fees; provision of food, clothing, shelter, transportation, legal services or other benefits; placement in a "witness protection program;" informer status of the witness; and anything else which

arguably could reveal an interest, motive or bias in the witness in favor of the United States or against the defense or act as an inducement to testify or to color testimony.

4. Any and all threats, express or implied, direct or indirect, or other coercion made or directed against the witness, criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against the witness, any probationary, parole, deferred prosecution or custodial status of the witness, and any civil, tax court, or court of claims, administrative or other pending potential legal disputes or transactions with the United States or over which the United States has real, apparent or perceived influence.

5. The existence and identification of each occasion on which the witness has testified before any court, grand jury, or other tribunal body or otherwise officially narrated in relation to the defendant, the investigation or the facts in this case.

6. The existence and identification of each occasion on which each witness who was or is an informer, accomplice, co-conspirator, or expert has testified before any court, grand jury or other tribunal body in connection with the matters raised in this indictment.

7. Any and all personnel files for the witness, the existence and identity of all federal, state and local government files for the witness and the existence and identity of all official internal affairs, internal investigations or public integrity investigations files relating to or connected with each witness who was or is a law enforcement officer.

8. Any and all records and/or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the United States' evidence or which arguably could lead to such records or information.

9. The same records and information requested in Items 1 through 8 above with respect to each non-witness declarant whose statements are offered into evidence.

10. Copies of previous trial and grand jury testimony of witnesses to be called by the Government, wherein the witness testified as part of a plea bargain in connection with this case or any related case. (Said transcripts are discoverable under Brady as well as under the Jencks Act.)

11. The failure of any person to identify the defendant or photograph of the defendant, who was asked to make such identification by a law enforcement officer in connection with this case.

12. All notes of government personnel (including logs, diaries, reports, memoranda, correspondence, etc.) related in any manner to the investigation of this case. (This

serves as notice to the government that production of the documents are hereby requested, and thus said notes should not be destroyed.)

13. The results, summaries, or any documents related to any polygraph examinations conducted on any of the government's witness; said polygraphs pertaining to information given by the witness regarding this case, or other cases wherein the witness testified or gave information in and of the investigation thereof.

The defendant asks the court to grant this motion for disclosure of impeaching information

.

Respectfully submitted,

/s/ David Adler

David Adler
State Bar of Texas 00923150
Federal Identification 17942
6750 West Loop South
Suite 120
Bellaire (Houston), Texas 77401
(713) 666-7576
(713) 665-7070 (Fax)

Attorney for Defendant,
Adnan Mirza

CERTIFICATE OF SERVICE

This motion was served upon the government via e-mail on November 12, 2009.

/s/ David Adler

David Adler

CERTIFICATE OF CONFERENCE

The Assistant United States Attorney is opposed to this motion.

Dated: November 12, 2009

/s/ David Adler

David Adler

*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF TEXAS*
*HOUSTON DIVISION*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| *versus* | § | **CRIMINAL DOCKET H-06-421-02** |
| | § | **JUDGE EWING WERLEIN, JR.** |
| **ADNAN MIRZA** | § | |

**ORDER**

The defendant's motion for for disclosure of impeaching information is:

Granted.

Denied.

Signed on __________, 2009.

______________________________
Ewing Werlein, Jr.
United States District Judge