**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. H-06-421SS** |
| | § | |
| **ADNAN BABAR MIRZA** | § | |
| | § | |

# GOVERNMENT'S REQUESTED JURY INSTRUCTIONS

The United States of America, by and through Tim Johnson, United States Attorney for the Southern District of Texas, Glenn Cook and James McAlister, Assistant United States Attorney, submits the following proposed jury instructions.

Respectfully submitted,

TIM JOHNSON
United States Attorney

/s/ James McAlister
James McAlister
Assistant United States Attorney
713/567-9573

**INTRODUCTION TO FINAL INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

Pattern Jury Instruction, Criminal-Fifth Circuit (2001)

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened--that is, in reaching your decision as to the facts--it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

Pattern Jury Instruction, Criminal-Fifth Circuit (2001)

**PRESUMPTION OF INNOCENCE,**

**BURDEN OF PROOF, REASONABLE DOUBT**

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all [and no inference whatever may be drawn from the election of a defendant not to testify]. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

Pattern Jury Instruction, Criminal-Fifth Circuit (2001)

**EVIDENCE--EXCLUDING WHAT IS NOT EVIDENCE**

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been stricken in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

Pattern Jury Instruction, Criminal-Fifth Circuit (2001)

**EVIDENCE--INFERENCES--DIRECT AND CIRCUMSTANTIAL**

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Pattern Jury Instruction, Criminal-Fifth Circuit (2001)

**CAUTIONARY INSTRUCTION DURING TRIAL**
**TRANSCRIPT OF TAPE RECORDED CONVERSATION**

Audio Exhibits have been identified as a typewritten transcript of the oral conversation which can be heard on the tape recording received in evidence as Exhibits. The transcripts also purport to identify the speakers engaged in such conversation.

I have admitted the transcripts for the limited and secondary purpose of aiding you in following the content of the conversations as you listen to the tape recordings and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcripts correctly or incorrectly reflect the content of the conversations or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcripts, and from your own examination of the transcripts in relation to your hearing of the tape recordings as the primary evidence. If you should determine that the transcripts are in any respect incorrect or unreliable, you should disregard the transcripts to that extent.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than

on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

Pattern Jury Instruction, Criminal-Fifth Circuit (2001)

## DEFENDANT AS A WITNESS

The law does not compel a defendant in a criminal case to take the witness stand and testify, and no presumption of guilt may be raised, and no inference of any kind may be drawn, from the failure of a defendant to testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**- OR -**

The law does not compel a defendant in a criminal case to take the witness stand and testify; however, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant decided to testify. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case. You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.

Pattern Jury Instruction, Criminal-Fifth Circuit (1990)

## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

**EXPERT WITNESS**

During the trial you heard the testimony of Jessica Gilbeau and Greg Alvarez , who expressed opinions concerning immigration issues and firearms. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

Pattern Jury Instruction, Criminal-Fifth Circuit (2001)

**ON OR ABOUT**

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.

Pattern Jury Instruction, Criminal-Fifth Circuit (2001)

## MULTIPLE COUNTS

A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime.. You must give separate consideration to the evidence as to each offense charged.

## CAUTION-CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

Pattern Jury Instruction, Criminal-Fifth Circuit (2001)

**SIMILAR ACTS**

You have heard evidence of acts of the defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment;

or

Whether the defendant had a motive or the opportunity to commit the acts charged in the indictment;

or

Whether the defendant acted according to a plan or in preparation for commission of a crime;

or

Whether the defendant committed the acts for which he is on trial by accident or mistake.

These are the limited purposes for which any evidence of other similar acts may be considered.

**CAUTION--PUNISHMENT**

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

Pattern Jury Instruction, Criminal-Fifth Circuit (2001)

**"KNOWINGLY"--TO ACT**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

Pattern Jury Instruction, Criminal-Fifth Circuit (2001)

## WILLFULLY

The word "willfully" as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something that the law forbids. Acting "willfully" does not require, however, that the actor knew specifically that the conduct was unlawful.

**POSSESSION**

Possession, as that term is used in this case, may be of two kinds: actual possession and constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

Possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession, as that term is used in these instructions, is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

Pattern Jury Instruction, Criminal-Fifth Circuit (2001)

## INTERSTATE AND FOREIGN COMMERCE- DEFINED

### COMMERCE

Commerce includes travel, trade, transportation and communication.

### INTERSTATE COMMERCE

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.

### FOREIGN COMMERCE

Foreign commerce means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

## INSTRUCTION AS TO TALIBAN

You are instructed that the Taliban was a specially designated global terrorist organization at all times material to the allegations charged.

United States Code, Section 1705(b); Title 31, Code of Federal Regulations, Sections 594.201, 594.204, 594.205 and ; Executive Order No. 13224, 66 Fed. Reg. 49079 (2001) as amended by Executive Order 13268, 67 Fed.Reg. 44751 (2002) and by Executive Order 13372, 70 Fed. Reg. 8499

**INSTRUCTION AS TO ALIEN ILLEGALLY AND**

**UNLAWFULLY IN THE UNITED STATES**

You are instructed that an alien, who is in the United States pursuant to a non-immigrant visa, is illegally or unlawfully in the United States, if the alien violates the terms or conditions of his non-immigrant visa.

The term "alien" means any person not a citizen or national of the United States.

The term "non-immigrant visa" means a visa properly issued to an alien as an eligible non-immigrant by a competent officer as provided in this chapter.

(See)
United States v. Orellana, 405 F.3d 360, 365-66 (5th Cir.2005).
Foreign student became "illegal alien" within meaning of statutory prohibition against illegal alien's possession of firearm, as soon as student failed to comply with procedure for transferring to another college and thereby failed to maintain F-1 student status. 18 U.S.C.A. § 922(g), (g)(5).

United States v. Igbatayo, 764 F,2d 1039 (5th Cir. 1985)
Although, the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq., does not define the term "illegal alien," it is clear that an alien who is in the United States without authorization is in the country illegally. After failing to maintain the student status required by his visa, Igbatayo was without authorization to remain in this country. He thus was in the same position legally as the alien who wades across the Rio Grande or otherwise enters the United States without permission.

**CONSPIRACY TO POSSESS FIREARMS BY ALIENS**
**COUNT ONE**
**(18 U.S.C. §371)**

**IT IS CHARGED IN COUNT ONE OF THE INDICTMENT THAT:**

On or about April 2005, and continuing to on or about November 28, 2006, in the Houston Division of the Southern District of Texas and elsewhere,

**ADNAN BABAR MIRZA,**

defendant herein, did unlawfully and knowingly combine, conspire, confederate and agree with others known and unknown to the Grand Jury to knowingly and unlawfully possess in and affecting interstate or foreign commerce firearms and ammunition, namely: one thousand rounds ammunition; an Armalite, Inc., model M15A4, .223 caliber semi automatic rifle; a Colt AR 15, .223 caliber semi-automatic rifle; a Savage Arms, Inc., model 10, .308 caliber bolt action rifle; a Winchester shotgun; and a Remington shotgun, while the defendant, Adnan Babar Mirza, was an alien illegally or unlawfully in the United States (subsequent to on or about August 1, 2005), in violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2) and Title 18, United States Code, Section 371.

Title 18, United States Code, Section 371, makes it a crime for anyone to conspire with someone else to commit a violation of certain laws of the United States. In this case, the defendant is charged with conspiring to possess weapons and ammunition by an alien illegally or unlawfully in the United States, in violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2).

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That two or more persons made an agreement to possess weapons or ammunition by an alien illegally or unlawfully in the United States, as alleged in count of the indictment;

Second: That the defendant knew the purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

Third: That one of the conspirators during the existence of the conspiracy knowingly committed at least one overt act in order to accomplish some object or purpose of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or

scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. It is not necessary to show that the conspirators directly, by spoken or written words, stated among themselves exactly what their object or purpose was, or exactly what the details of the scheme were, or exactly what means they would adopt to achieve their goals. Indeed, it would be extraordinary if there were or had been such formal meeting, or documents, or even a specific oral agreement. A conspiracy is, by its very nature, usually secret in its origin and its execution. It is sufficient if the government demonstrates conduct evidencing a silent understanding to share a purpose to violate the law. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Because a conspiracy by its very nature is often secret, neither the existence of the agreement, nor the fact of a defendant's participation in it, must be proved by direct evidence. Both may be inferred from the development and course of the dealings between the defendant and the other alleged conspirators.

The extent of a defendant's participation and role in the conspiracy is not determinative of that defendant's guilt or innocence. Two persons may be found to have conspired even though the evidence of one's role is greater than the evidence of the other's role.

A member of a conspiracy need not know the names, identities or even the number of all

his co-conspirators. Nor need the government prove that he was aware of all the details of the conspiracy. An individual who joins a criminal venture with an indefinite outline takes his chances as to its membership and content, so long as they fall within the common purposes as he understands them.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

**CONSPIRACY TO PROVIDE FINANCIAL SUPPORT TO THE TALIBAN**
**COUNT TWO**
**(18 U.S.C. § 371)**

**IT IS CHARGED IN COUNT TWO OF THE INDICTMENT THAT:**

On or about late June of 2005, and continuing through June of 2006, in the Houston Division of the Southern District of Texas and elsewhere,

**ADNAN BABAR MIRZA,**

defendant herein, along with others known and unknown to the Grand Jury, did unlawfully and knowingly combine, conspire, confederate and agree to willfully and unlawfully make a contribution of funds, to wit: United States currency, to and for the benefit of a specially designated global terrorist organization, to wit: the Taliban, in violation of Title 50, United States Code, Section 1705(b); Title 31, Code of Federal Regulations, Sections 594.201, 594.204, 594.205 and ; Executive Order No. 13224, 66 Fed. Reg. 49079 (2001) as amended by Executive Order 13268, 67 Fed.Reg. 44751 (2002) and by Executive Order 13372, 70 Fed. Reg. 8499.

Title 18, United States Code, Section 371, makes it a crime for anyone to conspire with someone else to commit an offense against the laws of the United States. In this case, the defendant is charged in Count II with conspiring to violate the International Emergency Economic Powers Act (IEEPA) and the Terrorism Sanctions Regulations by contributing United States currency to Specially Designated Terrorist.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find a defendant guilty of the conspiracy charged in Count II of the indictment, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That two or more persons made an agreement to willfully and unlawfully commit the crime of contributing United States currency to a Specially Designated Terrorist organization:

Second: That the defendant knew the purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

Third: That one of the conspirators during the existence of the conspiracy knowingly committed at least one overt act in order to accomplish some object or purpose of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands

the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. It is not necessary to show that the conspirators directly, by spoken or written words, stated among themselves exactly what their object or purpose was, or exactly what the details of the scheme were, or exactly what means they would adopt to achieve their goals. Indeed, it would be extraordinary if there were or had been such formal meeting, or documents, or even a specific oral agreement. A conspiracy is, by its very nature, usually secret in its origin and its execution. It is sufficient if the government demonstrates conduct evidencing a silent understanding to share a purpose to violate the law. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Because a conspiracy by its very nature is often secret, neither the existence of the agreement, nor the fact of a defendant's participation in it, must be proved by direct evidence. Both may be inferred from the development and course of the dealings between the defendant and the other alleged conspirators.

The extent of a defendant's participation and role in the conspiracy is not determinative of that defendant's guilt or innocence. Two persons may be found to have conspired even though the evidence of one's role is greater than the evidence of the other's role.

A member of a conspiracy need not know the names, identities or even the number of all his co-conspirators. Nor need the government prove that he was aware of all the details of the conspiracy. An individual who joins a criminal venture with an indefinite outline takes his chances as to its membership and content, so long as they fall within the common purposes as he understands them.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

Pattern Jury Instruction, Criminal-Fifth Circuit (2001).

**POSSESSION OF A FIREARM BY AN ALIEN ILLEGALLY OR UNLAWFULLY IN THE UNITED STATES**
**COUNTS 3-9**

Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2), make it a crime for an alien illegally and unlawfully in the United States to possess a firearm.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant knowingly possessed a firearm, as charged;

Second: That the defendant was an alien illegally or unlawfully in the United States at the time of the offense; and

Third: That the possession of the firearm was in (affecting) commerce; that is, that before the defendant possessed the firearm, it had traveled at some time from one state to another.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

**DUTY TO DELIBERATE--VERDICT FORM**

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges--judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt .

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

[Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal. I will either reply in writing or bring you back into

the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

Pattern Jury Instruction, Criminal-Fifth Circuit (2001)

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. H-06-421SS** |
| | § | |
| **ADNAN BABAR MIRZA** | § | |

# VERDICT

On Count ONE of the Indictment, we, the jury find the Defendant Adnan Babar Mirza.

______________________________
"Guilty" or "Not Guilty"

On Count TWO of the Indictment, we, the jury find the Defendant Adnan Babar Mirza.

______________________________
"Guilty" or "Not Guilty"

On Count THREE of the Indictment, we, the jury find the Defendant Adnan Babar Mirza.

______________________________
"Guilty" or "Not Guilty"

On Count FOUR of the Indictment, we, the jury find the Defendant Adnan Babar Mirza.

______________________________
"Guilty" or "Not Guilty"

On Count FIVE of the Indictment, we, the jury find the Defendant Adnan Babar Mirza.

______________________________
"Guilty" or "Not Guilty"

On Count SIX of the Indictment, we, the jury find the Defendant Adnan Babar Mirza.

________________________________
"Guilty" or "Not Guilty"

On Count SEVEN of the Indictment, we, the jury find the Defendant Adnan Babar Mirza.

________________________________
"Guilty" or "Not Guilty"

On Count EIGHT of the Indictment, we, the jury find the Defendant Adnan Babar Mirza.

________________________________
"Guilty" or "Not Guilty"

On Count NINE of the Indictment, we, the jury find the Defendant Adnan Babar Mirza.

________________________________
"Guilty" or "Not Guilty"

Signed this ________ day of ______________________, 2009.

________________________________
Presiding Juror

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Government's Jury Instructions was provided to David Adler, counsel for defendant on this the 15th day of January 2010.

/s/ James McAlister
James McAlister
Assistant United States Attorney