IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CR. NO. H-06-421 |
| | § | |
| ADNAN BABAR MIRZA | § | |

# *COURT'S JURY INSTRUCTIONS*

# ***COURT'S INSTRUCTIONS TO THE JURY***

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

## *DUTY TO FOLLOW INSTRUCTIONS*

You, as jurors, are the judges of the facts. But in determining what actually happened--that is, in reaching your decision as to the facts--it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## *PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT*

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify. The Government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

While the Government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "*reasonable doubt*" concerning the defendant's guilt.

A "*reasonable doubt*" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

## *EVIDENCE -- EXCLUDING WHAT IS NOT EVIDENCE*

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

## *EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL*

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence you should not be concerned about whether the evidence is direct or circumstantial. "*Direct evidence*" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "*Circumstantial evidence*" is proof of a chain of facts and circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

## ***CAUTION INSTRUCTION DURING TRIAL***
## ***TRANSCRIPT OF TAPE RECORDED CONVERSATION***

Various Exhibits have been identified as typewritten transcripts of the oral conversations that can be heard on the audio recordings received in evidence. The transcripts also purport to identify the speakers engaged in such conversation.

I have admitted the transcripts for the limited and secondary purpose of aiding you in following the content of the conversations as you listen to the audio recordings and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcripts correctly or incorrectly reflect the content of the conversations or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcripts, and from your own examination of the transcripts in relation to your hearing of the tape recordings as the primary evidence. If you should determine that the transcripts are in any respect incorrect or unreliable, you should disregard the transcripts to that extent.

## *CREDIBILITY OF WITNESSES*

I remind you that it is your job to decide whether the Government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the Government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

## *CHARACTER EVIDENCE*

Where a defendant has offered evidence of good general reputation as a law-abiding person, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's reputation, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character in respect to those traits would commit such a crime.

You will always bear in mind, however, that the law never imposes a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## *IMPEACHMENT BY PRIOR INCONSISTENCIES*

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the content of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## ***EXPERT WITNESS***

During the trial you heard the testimony of Jessica Gilbeau, Greg Alvarez, and Mehdi Noorbaksh, who expressed opinions concerning certain subjects in which they claim to have specialized knowledge. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## *"ON OR ABOUT"*

You will note that the Second Superseding Indictment charges that the offenses were committed "on or about" a specified date. The Government does not have to prove that the crimes were committed on an exact date, so long as the Government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date or dates stated in the Second Superseding Indictment.

## *CAUTION — CONSIDER ONLY CRIME CHARGED*

You are here to decide whether the Government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the Second Superseding Indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## *CAUTION — PUNISHMENT*

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## *SINGLE DEFENDANT - MULTIPLE COUNTS*

A separate crime is charged in each count of the Second Superseding Indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

***POSSESSION***

Possession, as that term is used in this case, may be of two kinds: actual possession and constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

Possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession, as that term is used in these instructions, is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

## *"KNOWINGLY" — TO ACT*

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## *"WILLFULLY" - TO ACT*

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

## *INTERSTATE COMMERCE-DEFINED*

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.

## *SUMMARIES AND CHARTS RECEIVED IN EVIDENCE*

A summary timeline chart has been received into evidence as Government Exhibit No. 135. Charts and summaries are valid only to the extent that they accurately reflect the underlying supporting evidence. You should give the chart only such weight as you think it deserves.

## *MULTIPLE CONSPIRACIES*

With regard to each of the two conspiracies charged in Counts One and Two of the Second Superseding Indictment, you must consider separately each charged conspiracy. With respect to each, you must determine whether the conspiracy charged in the Second Superseding Indictment existed, and, if it did, whether the defendant was a member of it. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you find that some other conspiracy existed. If you find that a defendant was not a member of a particular conspiracy charged in the Second Superseding Indictment, then you must find that defendant not guilty of that particular conspiracy, even though that defendant may have been a member of some other conspiracy.

## *INSTRUCTION AS TO THE TALIBAN*

You are instructed that The Taliban was a specially designated global terrorist organization at all times material to the allegations charged.

Count Two does not allege a conspiracy willfully and unlawfully to make a contribution of funds to any entity other than The Taliban.

## *INSTRUCTION AS TO ALIEN ILLEGALLY AND UNLAWFULLY IN THE UNITED STATES*

You are instructed that an alien, who enters the United States pursuant to a non-immigrant visa, is illegally or unlawfully in the United States if the alien violates the terms or conditions of his non-immigrant visa.

The term "alien" means any person not a citizen or national of the United States.

The term "non-immigrant visa" means a visa properly issued by a competent officer to an alien as an eligible non-immigrant.

The term "employment" means one receiving money or other compensation for one's services as an employee.

An alien who holds an F-1 non-immigrant student visa and is employed off campus without specific employment authorization from the Department of Homeland Security is violating the terms of the visa, and he is then in the status of an alien unlawfully or illegally in the United States.

## *"EXPIRATION DATE" SHOWN ON VISA*

There was some evidence that Defendant's F-1 student visa bore an "expiration date" of 12 Dec. 2005. That date is the outside date by which the holder of the visa was required to present himself for admittance to the United States. If the holder of the visa is admitted to the United States before the outside "expiration date" shown on the visa itself, and if the holder of the F-1 student visa otherwise has not violated the terms and conditions of the visa, then the visa does not "expire" on the date shown on the visa.

As set out in the previous instruction, however, if one who is lawfully admitted to the United States on an F-1 student visa should violate its terms and conditions, he is then in the status of an alien illegally or unlawfully in the United States.

***COUNT ONE***

***CONSPIRACY TO POSSESS FIREARMS BY ALIENS***

***18 U.S.C. § 371***

It is charged in Count One of the Second Superseding Indictment that on or about April 2005, and continuing to on or about November 28, 2006, in the Houston Division of the Southern District of Texas and elsewhere, Defendant did unlawfully and knowingly combine, conspire, confederate and agree with others known and unknown to the Grand Jury to knowingly and unlawfully possess in and affecting interstate commerce firearms and ammunition, namely: one thousand rounds ammunition; an Armalite, Inc. model M15A4, .223 caliber semi-automatic rifle; a Colt AR 15, .223 caliber semi-automatic rifle; a Savage Arms, Inc. model 10, .308 caliber bolt action rifle; a Winchester shotgun; and a Remington shotgun, while the defendant was an alien illegally or unlawfully in the United States (subsequent to on or about August 1, 2005), in violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2) and Title 18, United States Code, Section 371.

Title 18, United States Code, Section 371, makes it a crime for anyone to conspire with someone else to commit a violation of certain laws of the United States. In this case, the defendant is charged with conspiring to possess weapons and ammunition by an

alien illegally or unlawfully in the United States, in violation of Title 18, United States Code, Sections 911(g)(5)(A) and 924(a)(2).

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt.

*First*: That two or more persons made an agreement to possess weapons or ammunition by an alien illegally or unlawfully in the United States, as alleged in Count One of the Second Superseding Indictment;

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*: That one of the conspirators during the existence of the conspiracy knowingly committed at least one overt act described in Count One in order to accomplish some object or purpose of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If the defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally

joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The Government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the Government need not prove that all of the details of the scheme alleged in the Second Superseding Indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

***COUNT TWO***

***CONSPIRACY TO PROVIDE FINANCIAL SUPPORT TO THE TALIBAN***

***18 U.S. Code § 371***

It is charged in Count Two of the Second Superseding Indictment that on or about late June of 2005, and continuing through June of 2006, in the Houston Division of the Southern District of Texas and elsewhere, defendant, along with others known and unknown to the Grand Jury, did unlawfully and knowingly combine, conspire, confederate and agree to willfully and unlawfully make a contribution of funds, to wit: United States currency, to and for the benefit of a specially designated global terrorist organization, to wit: The Taliban, in violation of Title 50, United States Code, Section 1705(b); Title 31, Code of Federal Regulations, Sections 594.201, 594.204, 594.205, and Executive Order No. 13224, 66 Fed. Reg. 49079 (2001) as amended by Executive Order 13268, 67 Fed. Reg. 44751 (2002), and by Executive Order 13372, 70 Fed. Reg. 8499.

Title 18, United States Code, Section 371, makes it a crime for anyone to conspire with someone else to commit an offense against the laws of the United States. In this case, the defendant is charged in Count Two with conspiring to violate the International Emergency Economic Powers Act (IEEPA) and the Terrorism Sanctions Regulations by contributing United States

currency to a specially designated terrorist organization, The Taliban.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of the conspiracy charged in Count Two of the Second Superseding Indictment, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First*: That two or more persons made an agreement willfully and unlawfully to commit the crime of contributing United States currency to a specially designated terrorist organization, The Taliban;

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*: That one of the conspirators during the existence of the conspiracy knowingly committed at least one overt act described in Count Two in order to accomplish some object or purpose of the conspiracy.

One may become a member of a conspiracy without knowing all of the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the

unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The Government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the Government need not prove that all of the details of the scheme alleged in the Second Superseding Indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

***COUNTS THREE through NINE***

***18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2)***

Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2) make it a crime for an alien illegally and unlawfully in the United States to possess a firearm or ammunition.

For you to find the defendant guilty of this crime, you must be convinced that the Government has proved with respect to the individual count you are then considering, each of the following beyond a reasonable doubt:

*First*: That the Defendant knowingly possessed a firearm, or ammunition, as charged;

*Second*: That the defendant was an alien illegally or unlawfully in the United States at the time the firearm, or ammunition, was possessed; and

*Third*: That the possession of the firearm, or ammunition, was in (affecting) commerce; that is, that before the defendant possessed the firearm, or ammunition, it had traveled at some time from one state to another.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

The term "ammunition" means ammunition as commonly understood, but also cartridge cases, primers, bullets, and/or propellant powder designed for use in any firearm.

## *DUTY TO DELIBERATE – VERDICT FORM*

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the Second Superseding Indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

If you have taken notes, your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you did not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

Remember at all times, you are judges--judges of the facts. Your sole interest is to decide whether the Government has proved the defendant is guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

[Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for in each count of the Second Superseding Indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, on any count of the Second Superseding Indictment, until after you have reached a unanimous verdict.

May 27, 2010

Ewing Werlein, Jr.
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE